(3 App. Div. 578.)

In re ATWOOD et al.

Appeal of TALCOTT.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

1. ASSIGNMENT FOR CREDITORS—CLAIM OF FACTOR.
    · A factor, with property of his principal in his possession, cannot, on assignment of his principal for benefit of creditors, prove his claim against

the assigned estate for the balance due at the date of assignment, including advances, and receive his dividend thereon, and retain the property in his possession to satisfy the balance of his claim after applying the dividend so received.

2. APPEAL—THEORY NOT URGED BELOW.
　　Relief cannot be claimed, on appeal, on a theory not urged and based on issues not raised on the trial.

3. COSTS—ALLOWANCE.
　　Where one failed to prove his claim against an assigned estate, an allowance against him of $500 for attorney's fees was excessive, where the trial was not a lengthy one.

Appeal from special term, New York county.

Petition by James Talcott to prove his claim, as factor, against Hector M. Hitchings, as assignee for benefit of creditors of Orlo Atwood & Sons. From a judgment disallowing his claim, and charging him with costs and $500 counsel fees, petitioner appeals. Modified as to fees.

The claim was presented to the assignee, who refused to allow it. Thereupon the claimant applied to the court, by petition, for an order of reference to adjudicate as to his claim. The assignee made answer to the petition, and thereupon the reference was ordered to hear, try, and determine the issue made as to the allowance of the claim. The referee reported that the assignors, in 1892 and 1893, were manufacturers of ribbons, and the claimant was a commission merchant in the city of New York; that in December, 1892, an arrangement was made, between the assignors and the claimant, under which goods manufactured by the assignors were consigned to the claimant, who received them for sale on an agreed commission; that between December 1, 1892, and August 3, 1893, when the assignment was made, the claimant received large quantities of manufactured goods for sale on commission, pursuant to such arrangement, upon which claimant made large advances of money to the assignors; that during the same time the claimant made large sales of such goods for the account of the assignors, and applied the proceeds, exceeding $60,000, in reduction of his advances to the assignors and his charges for interest and commissions; that, after assignment, the claimant presented to the assignee the claim, in due form, against the assigned estate for the sum of $90,599.29, being the sum claimed by him to be due from the assignors on account of advances, interest, and commissions at the date of the assignment, which claim the assignee refused to allow, but rejected; that, since the assignment, the claimant has continued to make sales of the consigned goods, but a considerable portion thereof remained unsold, and in the possession of the claimant. Upon these facts the referee decided that the claimant was not, at the time, entitled to prove such claim against the estate, and his claim should be disallowed, with costs against the claimant. Upon this report the judgment appealed from was ordered by the court, confirming the report disallowing the claim, and charging claimant with costs of the proceeding, $227.50, and counsel fees, $500. From that judgment this appeal is taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Lyman B. Bunnell and Theron G. Strong, for appellant.
George W. Stephens, for respondent.

WILLIAMS, J. This was a proceeding to determine the validity of a claim against an assigned estate, under section 26, chapter 466, Laws of 1877, which provides that the court or judge may, in its or his discretion, order a trial by a jury or before a referee of any disputed claim or matter arising under the provisions of the act, and

may award reasonable costs and counsel fees, and determine which party shall pay the same.

The claim made by the claimant, as appears by his petition, was for an indebtedness owing and due by the assignors to him at the time of the assignment. The assignee denied that there was any such indebtedness, and that was the issue tried before the referee. There was no suggestion in the petition, as there seems to be on this appeal, that the claimant desired a reference to ascertain the amount of his lien upon the property in his hands for advances, to the end that the property subject to the lien might be applied to pay the same. What he asked for was that the claim against the estate might be adjudicated and determined, to the end that he might have his distributive share of the estate; and the order of reference directed the issue raised by the petition and answer to be so referred and heard and determined. The trial, as it took place, was of the issues so made; and the report was upon such issues alone. It is too late, now, upon appeal, for the claimant to allege that, while he may have been properly beaten upon the issue made and tried, still he should have had relief, by way of an accounting, as to the amount of his lien upon the property, to the end that the property might be applied in payment of the same.

The decision of the referee as to the issue raised and tried before him was correct. The authorities cited by both parties held that, under such an arrangement as existed between these parties, resort must first be had to the fund or the consigned property for the payment of any advances made, before the principal can be made liable, and that it is incumbent upon the factor to show the fund to be insufficient to repay the advances, before a recovery can be had against the consignor personally. Corlies v. Cumming, 6 Cow. 184; Gihon v. Stanton, 9 N. Y. 477; Blackmar v. Thomas, 28 N. Y. 67. In the case of Gihon v. Stanton (above), it was said by Judge Selden:

"An 'advance' is something which precedes. * * * As applied to the payment of money, it implies that the parties look forward to a time when the money will be due to the recipient. * * * An advancement by a factor is a prepayment, a mere anticipation of the avails of the goods consigned, and no more creates a debt in the first instance than an advancement by a father to his son, in anticipation of his expected inheritance, creates a debt."

The real contention of the claimant at the trial was, as it is on appeal, that he was entitled to have his claim for advances established at the full amount remaining unpaid at the time of the assignment, and to take his dividend thereon from the estate, and then apply the proceeds of the further sales of the property to the payment of any balance that might remain unpaid after such dividends were so applied. He therefore made no attempt to account for any sales of property made after the date of the assignment, though it appeared many such sales had been made. He furnished the referee with no means of ascertaining the amount unpaid upon his advances at the time of the trial, so that the amount of his lien upon the property at that time could be established, and a decree made with reference thereto.

It is hardly necessary to suggest the case of People v. E. Remington & Sons, 121 N. Y. 328, 24 N. E. 793, cited by counsel for claim-

ant, is no authority for the position taken by him at the trial, and still maintained, that claimant might prove the full amount of the balance of his advances at the time of the assignment, and take his dividend thereon, and apply the proceeds of subsequent sales of property to the payment of balances remaining after applying the dividend so received.    In that case there was a debt owing for which the property was pledged as collateral.    Here there is no debt, primarily.    A debt only comes into existence after the sale of the property, and the application of the proceeds, and then the debt is for the deficiency, and that alone can be proved.    No debt or claim existed, at the time of the trial, for which this claimant could make proof, and upon which he could take a dividend from the estate. When the property consigned shall have been disposed of, he may prove for any balance of his demands remaining unpaid.'

The judgment ordered by the special term, as far as it dismissed the claim, was correct.    The court had power, under the statute, to award costs and counsel fees; and there was a sufficient basis, in the affidavits and the certificate of the referee, for awarding such counsel fees.    The trial, however, was not a lengthy one, and we think $250 was sufficient in amount for counsel fees.

The judgment should be modified accordingly, and, as modified, affirmed, with costs of appeal to the respondents.    All concur.