## TALCOTT v. WALLER.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

No. 62.

INSOLVENCY (§ 105*)—ADMINISTRATION OF ESTATE—PROVABLE CLAIMS—ADVANCES BY FACTOR.

A factor, who has made advances on goods consigned to him for sale, is not a creditor of the owner on account of such advances until the goods have been sold, and then only for the amount which the goods fail to pay, and until such sale he cannot prove a claim against the estate of the owner in insolvency, either under the general commercial law or under Gen. St. Conn. 1887, §§ 587, 590, which, while they provide for the proving of both secured and unsecured claims in insolvency proceedings, apply only to claims which constitute a present indebtedness.

[Ed. Note.—For other cases, see Insolvency, Dec. Dig. § 105.*]

In Error to the Circuit Court of the United States for the District of Connecticut.

Action at law by James Talcott against Tracy Waller. Judgment for defendant, and plaintiff brings error. Affirmed.

This cause comes here upon appeal from a verdict in favor of defendant, directed by the court. The action was brought to recover damages for the failure of plaintiff's attorney to properly perfect an appeal from the probate court of New London, Conn., to the superior court of said county. The firm of Atwood & Sons had made an assignment as insolvent debtors, and their estate was in process of settlement before the probate court. The plaintiff alleges that he was a creditor of the firm in the sum of $54,244.51 for money loaned, and held property as security for said debt to the amount of $25,000, leaving a balance due of about $30,000. A claim for that amount was presented by his attorney, defendant here, and was disallowed by the commissioners appointed by the probate court, and by such court. Plaintiff instructed defendant to appeal to the superior court, which defendant undertook to do; but it turned out that by reason of some technical errors in his proceedings such appeal, as the superior court held, was not perfected.

The alleged claim was based upon the following transactions: Plaintiff was a factor, who received goods from Atwood & Sons to be sold by him on commission. As such factor he made advances to Atwood & Sons on account of such goods. He miscalculated as to their value or as to market conditions, so that at the time of the assignment the advances exceeded what he alleged was the value of the goods. The commissioners and probate court dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

allowed the claim upon the ground that plaintiff, having in his possession goods of Atwood & Sons for sale as a commission merchant, was not a creditor of that firm, and could not maintain any claim for advances made while holding said goods and before the same were sold. The contract between Talcott and the firm was made in New York. It was to be performed in New York, and the subject-matter of the contract—the goods consigned—was located in that state. The same claim of plaintiff, which was presented to the courts of New York, was disallowed for the same reason as that assigned by the commissioners and the probate court in Connecticut.

Joseph L. Barbour, for plaintiff in error.
H. A. Hull, for defendant in error.

Argued before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). We concur with Judge Platt in his conclusion that, admitting that defendant was negligent in not perfecting the appeal, plaintiff has suffered no damage, because, had the appeal been perfected, the result would have been an affirmance of the decision of the probate court.

The New York authorities (Gihon v. Stanton, 9 N. Y. 476; Matter of Atwood, 3 App. Div. 578, 38 N. Y. Supp. 338) correctly state the law, viz., that under such a contract there is nothing owing to the factor until he has sold the goods and they have brought less than his advances. His claim then can be only for the deficiency. In a recent case decided by this court, Ommen v. Talcott, 188 Fed. 401, July 10, 1911, the defendant, who is plaintiff here, contended that such was the law in New York. The same rule evidently prevails in New England states. Balderston v. National Rubber Company, 18 R. I. 338, 27 Atl. 507, 49 Am. St. Rep. 772; Frothingham v. Everton, 12 N. H. 239. We understand this to be the general commercial law, and plaintiff in error cites no case to the contrary. His contention is based wholly upon the language of the General Statutes of Connecticut of 1887 relating to insolvent estates. He cites two sections:

"Section 587 provides that *any claim* against the estate of an insolvent debtor, whether founded in contract or tort, may be proved before the commissioners and allowed by them.

"Section 590 provides that if *any creditor* having *any security for his claim* against the insolvent estate, upon any property of such estate, *shall present his claim* to the commissioners, they shall inquire into the cash value of such security and report the same to the court of probate and, if they allow such claim, shall notify *the creditor* of the amount of the claim allowed and of the valuation of the security, and unless *such creditor* shall elect to relinquish such security he shall be entitled to a dividend from the estate only upon the excess of his claim over the valuation of the security."

We do not construe these sections to include a "claim" which is not really an existing claim—a present indebtedness from the insolvent to the claimant. Since, in the case at bar, there could be no indebtedness from Atwood & Sons to plaintiff until sale of the goods and resultant loss, there was nothing on which to found a claim. Plaintiff was not a "creditor" of the insolvent estate.

In disposing of the case on this ground, it must not be assumed that we have reached the conclusion that actionable negligence on the part of the defendant was proved. The statutes, rules, and practice

as to such appeals in Connecticut were apparently intricate and obscure, and, if we found it necessary to go into that branch of the case, we might reach the conclusion that there was no cause of action for negligence; but we see no reason to enter into such discussion.

The judgment is affirmed.