# Producers' Lumber Company *v.* Guiniven, Appellant.

*Contracts—Master and servant—Salary—Percentage of profits— Drawing account—Losses—Suit by employer for amount advanced —Affidavit of defense—Insufficient averments.*

Where a contract between an employer and employee provided that the latter was to receive as compensation a sum equal to one-half of the net profits of the department of which he was manager, and was to have a drawing account of a fixed sum per month which was to be charged to him as against the amount to which he might be ultimately entitled, and the department yielded no profits during the period in question, the employee is liable to the employer for the amount so advanced to him, and in an action against the employee for such amount judgment for want of a sufficient affidavit of defense was properly entered, there being nothing in the contract to indicate that the advances made were to be considered as salary.

Argued Jan. 23, 1918. Appeal, No. 168, Jan. T., 1917, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Sept. T., 1916, No. 255, for want of a sufficient affidavit of defense in case of Producers' Lumber Company, a Corporation, for the Use of J. Edwards Smith and Franklin A. Smith, Jr., Copartners, Trading as Franklin A. Smith & Sons and J. Edwards Smith and Franklin A. Smith, Jr., Copartners, Trading as Franklin A. Smith & Sons, Successors to the Producers' Lumber Company, v. John J. Guiniven. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit to recover amount paid to employee on drawing account. Before AUDENRIED, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court entered judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned,* among others, was in entering judgment for plaintiff.

*John P. Connelly,* for appellant.

*Owen J. Roberts,* with him *Charles I. Cronin,* for appellees.

PER CURIAM, February 25, 1918:

It appears from the record in this case, that defendant was employed as manager of a department of plaintiffs' business, and was to receive as compensation a sum equal to one-half of the net profits of the department. He was to have a drawn account of a fixed sum per month which was to be charged to him as against the amount of compensation to which he might be ultimately entitled. It turned out, however, that, owing to losses through bad accounts, the business of defendant's department yielded no profits during the period in question; and, as a result, the defendant was indebted to plaintiffs for the amount of money which had been advanced to him. There is nothing in the contract to justify the claim that the advances made to defendant were to be considered as salary, and the court below very properly held that the affidavit of defense was insufficient in so far as it was based upon a claim for salary under the contract. Defendant was not a partner, but his compensation was clearly dependent upon, and was to be measured by, the amount of profits made in his department.

The judgment is affirmed.