## Snellenburg Clothing Co. *v.* Levitt, Appellant.

*Master and servant—Commissions—Advances—Drawing account —Salary—Affidavit of defense—Denial—Practice, C. P.—Act of May 14, 1915, P. L. 483.*

1. Where a contract of employment of a salesman provides for commissions as compensation with no mention of salary, and advances to the salesman on a drawing account at an amount stated per annum, and expenses, and it is provided that the advances on the drawing account and expenses shall be deducted from the salesman's earnings during the year, the salesman will be liable to his employer for the difference between the advances and the commissions earned if the advances exceed the commissions.

2. In a suit by the employer against the salesman to recover such difference, the fact that the advances were designated as salary in the account taken from plaintiff's books and attached to the statement of claim, is not sufficient to govern the terms of the agreement, and show an intention to treat the advances as salary.

3. In such case, where the items making up plaintiff's claim are not specially denied by the affidavit of defense, a mere general denial of liability for the whole amount is not sufficient as to certain specific items in the statement of account, under the Act of May 14, 1915, P. L. 483.

4. If defendant in such case has not the means of knowing the exact amount of commissions he had earned, it is his duty to make inquiry of plaintiff, and, if he fails to do this, he cannot content himself in his affidavit of defense with general averments of his lack of knowledge.

5. If plaintiff refuses to furnish the information, defendant will then be in a position to aver that he had exhausted all sources of

knowledge open to him for the purpose of determining the truth-
fulness of his averments, and that he believed, from his general
knowledge of the matter, that the amount was incorrect and ex-
pected so to prove at the trial.

Argued November 28, 1924.    Appeal, No. 24, Jan. T.,
1925, by defendant, from order of C. P. No. 3, Phila. Co..
Sept. T., 1923, No. 449, making absolute rule for judg-
ment for want of sufficient affidavit of defense, in case of
Nathan Snellenburg et al., trading as Snellenburg Cloth-
ing Company, v. Nate Levitt.    Before MOSCHZISKER, C.
J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.    Affirmed.

Assumpsit on contract.    Before FERGUSON, J.
Rule for judgment for want of sufficient affidavit of de-
fense.

The opinion of the Supreme Court states the facts.
Rule absolute.    Defendant appealed.

*Error assigned* was, inter alia, order, quoting it.

*A. B. Repetto,* for appellant, cited: Keller v. Cohen,
217 Pa. 522; Parry v. First Nat. Bank, 270 Pa. 556.

*Ira Jewell Williams,* with him *Charles McVeigh Wil-
lits* and *Francis Shunk Brown,* for appellees, cited: Pro-
ducers Lumber Co. v. Guiniven, 260 Pa. 423; Mixsell's
Est., 7 Pa. C. C. R. 443; Penna. Ry. v. Books, 57 Pa. 339;
Matteson v. R. R., 218 Pa. 527; York Mfg. Co. v. Ice Co.,
278 Pa. 351; Burns v. Flaherty, 278 Pa. 579.

OPINION BY MR. JUSTICE FRAZER, January 5, 1925:
Plaintiff engaged defendant as a traveling salesman,
agreeing to pay him, as compensation for his services, a
specified commission on all net sales and "to advance a
drawing account of $15,000 per annum," and such legiti-
mate expenses as might be required for traveling, "all
such advances, either for drawing account or traveling

expenses, to apply against and be deducted from" defendant's total earnings during the current or succeeding years. The employment was terminated by mutual consent and plaintiff sued to recover payments made in excess of commissions earned, averring there had been advanced to defendant in all, the sum of $45,376.40 for drawing account and traveling expenses, as shown in the itemized statement attached to plaintiff's statement of claim, while defendant had actually earned in commissions during the same time, the sum of $28,557.31, and was entitled to a credit of $68, making a total of $28,625.31, which, being deducted from the sum advanced, left a balance of $16,751.09, the sum plaintiff claimed as overpayments and for which suit was brought. Defendant's affidavit of defense admitted the contract but averred that all advances made by plaintiff to defendant for traveling expenses and as a drawing account were paid to him as salary and were not to be repaid except out of defendant's net earnings, there being no personal liability on the part of defendant other than to have the advances deducted from such earnings. The court below, following Producers' Lumber Company v. Guiniven, 260 Pa. 423, held the affidavit of defense insufficient and construed the contract as imposing upon defendant the obligation of returning excess payments in event his commissions failed to equal the advances so made.

We find nothing in the contract itself which leads us to a different conclusion from that reached by the court below. The advances were to "apply against and be deducted from" defendant's earnings. The parties apparently did not anticipate earnings falling below the amount of the advances, and consequently made no express provision for the contingency. This, however, is no reason for reading into the contract something it does not contain and thus make a new contract for the parties. Had they intended the advances should be in lieu of salary and treated as such in event the commis-

sions earned by defendant were insufficient to balance the account, it would have been a simple matter to have so stated. In absence of provision in the contract warranting such construction, we feel constrained to treat the advances strictly as such and require return of any excess.

Defendant contends, however, that designating the advances as "salary," in the account taken from plaintiff's books and attached to the statement of claim, is sufficient to govern the terms of the agreement, and indicates an intention to treat the advances as salary, and irrevocable, either in whole or in part in the event the commissions were insufficient to balance the account. In the contract itself, there is no suggestion of a salary to be paid defendant. Compensation was to be measured entirely by commissions earned.

It is not averred that the contract was in any way altered or amended and in absence of such averment we cannot hold that the mere designation of the advances in plaintiff's books as salary for the apparent purpose of distinguishing it from the advances made on account of expense, etc., would be sufficient to control the construction of the contract itself.

It is also contended no averments appear in the statement of claim sufficient to sustain a judgment for designated items totalling nearly $5,000 contained in the attached exhibit. The argument would be sound if the affidavit of defense denied specifically the various items in question. This, however, is not done. The claim is founded on the right to recover the difference between money advanced by plaintiff to defendant and commissions earned by defendant. The defense is based solely on the construction defendant places on the contract, under which construction nothing is due plaintiff. The items making up the account are not specifically denied. When the court construed the contract in accordance with plaintiff's contention this practically eliminated the entire defense and general denials of liability for the

whole amount would not be sufficient as to specific items included in the statement of account.

Defendant also avers he has no personal knowledge or means of knowledge of the amount of commissions earned by him during his employment, that such knowledge is in the exclusive control of plaintiff and further that he is informed and believes and expects to be able to prove on the trial of the case that plaintiff did not allow him the rate of commission provided in the contract. Assuming he did not have the means of knowing the exact amount of commissions he had earned, it was his duty, under Buehler v. United States Fashion Plate Co., 269 Pa. 428, to make inquiry of plaintiff to obtain the necessary information. Had such demand been made and plaintiff refused the information, defendant would then have been in a position to aver that he had exhausted all sources of knowledge open to him for the purpose of determining the truthfulness of his averments and that he believed, from his general knowledge of the matter, that the amount was incorrect and expected so to prove at the trial of the case. He failed to do this, and contented himself with general averments of lack of knowledge of the matter. This was insufficient to prevent judgment. As a matter of fact, it is apparent his real defense was based on the construction of the contract rather than on any dispute as to the items going to make up the account.

The judgment is affirmed.