ROOFING SALES COMPANY, A CORPORATION, APPEL-
LANT, v. DONALD R. ROSE, RESPONDENT.

Submitted May 14, 1926—Decided May 3, 1927.

1. In the absence of a special agreement, an agent who receives
advances on account of commissions cannot be held to a personal
liability for such advances, although the commissions charged by
him do not equal the advances, and although his employment has
ceased.

2. Defendant was employed by the plaintiff as a salesman at a
weekly salary of $30, and plaintiff agreed to pay him an ad-
ditional $10 per week, in advance, on commissions to be earned.
Subsequently, plaintiff reduced defendant's drawing account to
$30 per week, and when defendant gave up the employment on
account of this reduction, the drawing account had considerably
exceeded the commissions earned by defendant. Suit was brought
by the principal to recover the excess payment—*Held*, that there
was nothing in the contract of employment which suggested that
· if the defendant's commissions fell below $40 per week, he would
repay the difference between the commissions earned and the
sums advanced by his employer, and to adopt such suggestion
would be to insert in the contract a provision to which the
parties never agreed.

3. Where a contract of employment was breached by the principal,
and the agent was prevented from earning commissions which
might have equaled or exceeded advances made to him by the
employer on account of such commissions, the latter cannot
recover for the excess of moneys advanced by it to the agent
on account of such commissions.

On appeal from the Fourth Judicial District Court of
Bergen county.

For the appellant, *Addison Ely.*

For the respondent, *Guy L. Fake.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment given in
the Fourth Judicial District Court of Bergen county, the
court sitting without a jury, in favor of the defendant-

respondent and against the plaintiff company, appellant, in an action brought by the latter against the former to recover on an alleged implied indebtedness due from him to the company, which indebtedness it is claimed arose out of the facts, set forth in the state of the case, agreed upon between the attorneys of the respective parties, and which facts are as follows: "The suit was brought to recover overpayments of compensation made to the defendant, who was in the employ of the plaintiff from January 16th, 1925, until July 11th, 1925. These overpayments amounted to the sum of $319.50.

"The plaintiff employed the defendant from January 16th to March 1st, A. D. 1925, at a weekly salary of $30; that shortly after January 16th, plaintiff made an additional agreement to pay the defendant $10 additional per week and until the 1st of March, to be an advance on commissions to be earned subsequent to March 1st, when defendant's compensation would be on a commission basis earned from sales of plaintiff's goods. That the drawing account to be advanced by the plaintiff to the defendant on and after March 1st was to be at the rate of $40 per week, chargeable to commissions earned by the defendant. That about June 1st, A. D. 1925, plaintiff made inquiries as to the amount of business being done by defendant, and rendered a statement showing the amount of commissions earned, together with the amount advanced to defendant up until June 1st, which statement was verified by defendant by his signature.

"On that date, without the defendant's assent, plaintiff reduced the drawing account of the defendant to $30 per week. Defendant testified that on July 11th, A. D. 1925, he gave up his employment because his drawing account had been reduced, contrary to his original agreement. At the time of the termination of the employment, defendant's drawing account had exceeded his commissions earned, by the sum of $319.40.

"The court finds as a fact that the defendant herein left because of the breach of the plaintiff in reducing his drawing account from $40 to $30.

"On the 17th day of December the court rendered judgment in favor of the defendant and for no cause of action on the

part of the plaintiff, from which judgment plaintiff takes his appeal."

Under specifications for reversal, counsel of appellant presents the following reasons—(1) "The court erred in allowing the defendant to interpose a defense, he not having filed a specification of defenses as demanded."

The record is silent on this subject. There is no mention of the matter in the agreed state of the case between counsel of the respective parties, and, hence, there is nothing before us which calls for a judicial declaration on the reason urged for a reversal.

The second reason relied on for a reversal is: "The court erred in entering judgment for defendant upon the facts." This reason will be considered with the third, which is: "The court erred in finding that the plaintiffs committed any breach of the contract, as there was no evidence to support such finding." The fourth reason is: "Said verdict is contrary to the weight of the evidence."

This reason is without any legal force. It presents no error in law for review. Whether the finding of the court is against the weight of the evidence is not a proper subject for review here, for, under the decisions of the courts of this state, it is firmly settled that if there be any testimony tending to support the finding of the court, such finding may not properly be disturbed.

Thus, the only remaining mooted questions to be determined upon this appeal are those presented by the second and third reasons. In the latter reason for reversal, counsel of appellant asserts that the court erred in finding that the plaintiffs committed a breach, since there was no evidence to support such finding.

According to the agreed state of the case, there was evidence to support the finding of the court. The agreement was that the defendant was to receive a drawing account of $40 per week, chargeable to commissions earned by him; and without his assent, the plaintiff reduced the drawing account to $30 per week, whereupon and because of such reduction of the drawing account from $40 to $30 per week, the defendant left and gave up his employment. But, on behalf

of the appellant, it is further contended that the facts found by the court did not warrant an entry of judgment thereon in favor of the defendant.

The argument advanced in support of this contention is that since it appeared that the defendant was hired by the plaintiff on a commission basis and was to have a drawing account of $40 per week, chargeable to commissions earned by him from sales of the plaintiff's goods, and that any and all payments made to him were paid conditional upon his earning on an average of $40 per week, and that his right to retain such sums of money advanced to him was contingent upon his earning them in the future, that the statement (*Exhibits P 1, 15*), which was in evidence, shows that the payments made to the defendant by the plaintiff were payments in advance and that the defendant over his signature admitted there was due and that he had been overpaid on June 1st $328.71.

The facts set forth in the agreed state of the case do not support any such contention. There is nothing in the state of the case to indicate that any and all payments made to the defendant by the plaintiff were conditioned upon the former's earning on an average of $40 per week, and that his right to retain such sums of money advanced by him was contingent upon his earning them in the future. There was no such contract between the parties. The facts, as set forth in the agreed state of the case, do not warrant any such inference. There is nothing in the contract there disclosed which suggests that if the defendant's commission fell below $40 per week advanced to him, that he should repay the difference between the commissions earned by the defendant and the sums of money advanced to him by the plaintiff. The fact that the contract provided that the defendant was to have a drawing account of $40 per week, chargeable to commissions earned by him, raised no implied legal liability on the defendant's part to repay to the plaintiff, in case the commissions earned fell below the sums advanced by the plaintiff, the difference between the commissions earned and the $40 per week advanced. It may very well be that if the plaintiff had suggested a contract by which the defendant was to make

himself liable to the plaintiff for the difference between commissions earned and the $40 advanced, weekly, the defendant would not have entered into the employment and contract. We cannot, without undertaking to make a contract for the parties, hold from the facts as they appeared before the trial judge and now before us, that there was in the mind of either contracting party that the defendant was to assume personal liability to repay to the plaintiff if the former's earned commissions fell below the sums advanced to him, the difference arising therefrom. Nor is appellant's counsel's argument substantiated by the state of the case, that the defendant over his own signature admitted that there was due and that he had been overpaid on June 1st, $328.71. *Exhibit P,* referred to in the state of the case, is an account in tabulated form made up by the plaintiff, showing the commissions earned by and moneys advanced to defendant, and that after deducting $516.20 for commissions earned from $845 moneys advanced, there is a balance of $328.71 in favor of moneys advanced. This statement at the bottom is signed "D. R. Rose," the defendant. But there is nothing on the face of the statement indicating anything more than the amount of business done by the defendant and the sums advanced him up to June 13th, 1925, attested by the defendant's signature. Of course, from the circumstance no inference could be properly drawn that it was an admission by the defendant that he was overpaid and that there was due to the plaintiff the sum of $328.71.

The law governing the situation disclosed in the present case is tersely stated in 2 *Corp. Jur.* 787, under the caption "Advances on Commissions," as follows: "In the absence of a special agreement an agent who receives advances on account of commission cannot be held to a personal liability for such advances, although the commissions earned by him do not equal the advances and although his employment has ceased."

This appears to be the legal rule laid down by the courts of the State of New York. *Lester C. Hebberd & Co. v. Blake,* 175 *N. Y. Supp.* 478; *Schlesinger* v. *Burland,* 85 *Id.* 350; *Auerbach, Inc.,* v. *Ramer,* 141 *Id.* 848; *Goldberg* v. *Kleinberg,*

179 *Id.* 364; *Schnabel* v. *American Educational Alliance,* 140 *Id.* 369; *Samuel et al.* v. *Bloom,* 154 *Id.* 189.

In *Arbaugh et al.* v. *Shockney* (*Appellate Court of Indiana*), 72 *N. E. Rep.* 668, the court (at *p.* 669) said: "An advance is something which precedes. It might be, as between these parties, made in anticipation of expected commissions, and in such event would no more create a debt than would an advancement made by the father to a son in anticipation of the expected inheritance by the latter. *In re Atwood* (*Sup.*), 38 *N. Y. Supp.* 338; *Gihon* v. *Stanton,* 9 *N. Y.* 476; *Balderston* v. *Rubber Co.,* 18 *R. I.* 338. If the contract in terms contains a promise by the agent to repay the sums advanced the transaction would amount to no more than a loan."

In *Snellenberg Clothing Co.* v. *Levitt* (*Supreme Court of Pennsylvania*), 127 *Atl. Rep.* 309, the contrary doctrine is held. The court (at *p.* 310) said: "We find nothing in the contract itself which leads us to a different conclusion from that reached by the court below. The advances were to 'apply against and to be deducted from' the defendant's earnings."

In the present case the contract was that the money advanced was made chargeable to commissions earned by the defendant. This may be a distinguishing feature between the two. But whether this be so or not, the reasoning of the Supreme Court of Pennsylvania in support of its view, which is as follows: "The parties apparently did not anticipate earnings falling below the amount of the advances, and, consequently, made no express provision for the contingency. This, however, is no reason for reading into the contract something it does not contain and thus make a new contract for the parties. Had they intended the advancements should be in lieu of salary and treated as such in event the commissions earned by defendants were insufficient to balance the account, it would have been a simple matter to have so stated. In absence of provision in the contract warranting such construction, we feel constrained to treat the advances strictly as such and require return of any excess."

We cannot adopt this reasoning in the present case, since it seems to us that it overlooks the vital fact that the advance-

ments made were in lieu of salary for work actually to be performed and that the amounts advanced were contemplated by the parties to fix the minimum paid, and if there was no excess of the amounts advanced, earned by way of commissions, or if the commissions equaled or exceeded the amount advanced, then in such case the commissions should be offset against the advances made. To adopt any other view seems to us would require the making of a contract for the parties by reading into it an obligation on part of the agent to the effect that in the event he earned no commissions he obligated himself to repay to his principal the amounts advanced to him.

We find ourselves unable to give a construction to the contract *sub judice* that the moneys advanced to the agent were in the nature of loans. This position we would be forced to take in order to permit a recovery by the plaintiff. We can find nothing in the contractual relation between the parties which expressly or impliedly tends to establish that there was a meeting of the minds that the advanced payments made by plaintiff to the defendant were contingent on the defendant's earning commissions equal to the amounts advanced.

Moreover, in the instant case, there is present a feature which clearly distinguishes it from those cases relied on by appellant's counsel, and this distinguishing feature is that here we have a finding of fact by the trial judge that it was the principal (the plaintiff) who breached the contract of employment and thereby prevented the agent (the defendant) from continuing his employment to the end, in which period of time, mayhap, the latter might have earned commissions by sales equalizing, or even exceeding, the amounts advanced by the plaintiff. The plaintiff adduced no proof that even if the defendant had been permitted to continue in the employment under the contract to the end he would not have been enabled to earn commissions sufficient to equalize the amounts claimed to have been overpaid him.

Judgment is affirmed, with costs.