MILTON SPIRIT, Plaintiff, *v.* BLACK DIAMOND FURNITURE WORKS, INC., Defendant.

City Court of New York, Bronx County, April 1, 1930.

*Morris Wagman*, for the plaintiff.

*Blau, Perlman & Polakoff*, for the defendant.

EVANS, J. The first defense contains several matters that might well be separately stated and numbered. Paragraphs 8 to 11, inclusive, constitute one theory of defense, and paragraphs 12 to 15, inclusive, another. Yet they are all stated under the heading of the first defense. But none of it appears to be sham and frivolous. Allegations numbered 10 and 11 appear to me to be evidentiary.

It is true that, in the absence of a special agreement, a drawing account to be deducted from commissions to be earned by a salesman is an absolute covenant to advance the stipulated sum, irrespective of the amount of commissions earned; and the employer cannot recover from the employee any overdrafts resulting from the difference between the sums advanced and the sums earned. (*Miller* v. *Blaisdell Machinery Co.*, 83 Misc. 35.) At bar, however, the answer sets up a special agreement, and, under such circumstances, the employer may recover from the employee such overdrafts. (*Samuels* v. *Bloom*, 91 Misc. 7.) Plaintiff is correct in his contention that the oral agreement alleged in the defenses cannot be taken in modification of the written contract. But defendant does not attempt that. Its contention is that the written agreement was terminated by parol. Defendant uses the words " waived, abandoned, and rescinded," which amount to the same thing. Then defendant pleads that a new oral agreement was made in

the place of the written contract thus abrogated. I think the law is well settled that, while parol evidence is ineffective to change the written contract, the written contract may be terminated by parol. Of course, after the written contract is canceled, there is nothing to interfere with the making of a new contract orally. That being so, the first defense is, on its face, sufficient in law. Of course, if the effect of the oral testimony is such that it shows merely a modification of the written contract, a different question would arise. But that matter must be left for the trial, and cannot be decided on the pleadings. The fourth defense and counterclaim, however, though not sham nor frivolous, seems insufficient. It is insufficient in that it does not affirmatively say that the written contract was abrogated, and a new oral contract substituted. It comes close to saying that in paragraph 24, by referring to the new agreement as " heretofore described." It is an attempt to incorporate in this defense what is told in the first. But that is not the way to incorporate in one defense what is said in another. Each defense must be sufficient in itself. The Rules of Civil Practice, rule 90, prescribe a way of incorporating the matter of one defense in another, without repetition. The motion will, therefore, be granted to this extent. Plaintiff will, within six days, serve an amended answer separately stating and numbering the matter in its first defense, leaving out or correcting the evidentiary allegations, and make proper allegations regarding its fourth defense and counterclaim. Otherwise the fourth defense and counterclaim, and paragraphs 10 and 11 of the first defense, will be stricken out, the former as insufficient, and the latter as evidentiary.