## Hibbs-Kiefer Hat Company et al. v. Schneiderhan.

(Decided December 9, 1930.)

BURWELL K. MARSHALL, Jr., for appellants.

DODD & DODD for appellee.

OPINION OF THE COURT BY COMISSIONER STANLEY— Affirming.

The appellants employed the appellee, M. J. Schneiderhan, as a traveling salesman to sell their merchandise on specified commissions. They agreed to advance him necessary traveling expenses and $50 a week drawing account, the same to be deducted from the commission earned. He severed his connection with the companies on March 1, 1930. During the term of his employment, the appellants paid him under the contract an aggregate of $6,908.94. His earned commissions amounted to only $3,611.80. This suit was brought against the employee to recover the difference of $3,297.14.

The foregoing facts were set up in the petition, as was also made the allegation that in the negotiations leading to the employment the defendant had represented himself as a first-class salesman, capable of selling at least $40,000 worth of goods, and, relying upon that representation, the contract was entered into and the advances made and traveling expenses paid. It was charged that the defendant had breached his contract.

A demurrer was sustained to the petition, and a dismissal followed upon plaintiffs declining to plead further.

The direct question involved does not appear to have been passed upon by this court. In other jurisdictions we encounter two distinct and diametrically opposed lines of opinions. Some of the cases may be differentiated upon the facts, but a majority of the courts deny the right of recovery of excess payments where the advances are to be retained or charged against commissions earned, as will appear in Richmond Dry Goods Co. v. Wilson, 105 W. Va. 221, 141 S. E. 876, 57 A. L. R. 31. Later cases are St. Anthony Motor Co. v. Patterson, 175 Minn. 624, 221 N. W. 719; Spirit v. Black Diamond Furniture Works, 137 Misc. Rep. 398, 241 N. Y. S. 194; Shaler Umbrella Co. v. Blow. 199 Wis. 489, 227 N. W. 1. See, also, 2 C. J. 786, and 39 C. J. 153.

No contract can be implied under which personal indebtedness will be created, for the express contract alleged in this petition is that those sums were to be deducted from the commissions which the employee might earn. There is no reference to any personal liability. The sole source of reimbursement was the commissions. It was the belief of the parties that these would be sufficient, not only to reimburse the companies,

but to compensate the salesman in addition. To that extent the enterprise was in the nature of a joint speculative adventure from which both parties expected to profit. Not unlike in principle is the case of Fox v. Buckingham, Trustee, 228 Ky. 176, 14 S. W. (2d) 421, in which it was held that a party undertaking to satisfy certain obligations out of the proceeds of oil wells to be developed by him was not personally liable where the particular fund was not realized, unless the failure of realization was due to his negligence or inactivity. So it is in this case that the contract limits the right of recovery of sums paid for traveling expenses and as a drawing account to a particular fund to be realized in a particular way. The agreement permitting a deduction of the advancements cannot be enforced, since that fund or a sufficiency was not realized, and no recovery can be held of the employee personally, since there is nothing to show that such failure was attributable to any action or inaction on his part.,

The judgment is affirmed.