(132 So. 614)

## LIBERTY NAT. LIFE INS. CO. v. LONGSHORE.

### 3 Div. 941.

Supreme Court of Alabama.
Jan. 22, 1931.

Rehearing Denied March 12, 1931.

Ball & Ball, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

**FOSTER, J.**

This case was tried upon a theory which is supported apparently by the view of a majority of the states, to the effect that, where the contract of employment provides for advances to the employee which are to be charged to and deducted from the commissions agreed on, the employer cannot, in the absence of an agreement or promise to repay any excess of advances over the commissions earned, recover from the employee such excess. An annotation in 57 A. L. R. 33 et seq. shows that such is the rule of the majority, following the reported case from West Virginia. Richmond Dry Goods Co. v. Wilson, 105 W. Va. 221, 141 S. E. 876, 57 A. L. R. 31; 2 Corpus Juris 787; 39 Corpus Juris, 153. And they hold that no such promise is implied under such circumstances considered alone.

In following that line of cases the circuit court probably overlooked our case of Beck

v. West & Co., 87 Ala. 213, 6 So. 70. We think this must be so because it has not been cited in briefs. But it is directly in point to the contrary of the foregoing view. It is supported by Snellenburg v. Levitt, 282 Pa. 65, 127 A. 309; Producers' Lumber Co. v. Guiniven, 260 Pa. 423, 103 A. 916; Martinez v. Cathey (Tex. Civ. App.) 215 S. W. 370.

In the case of Beck v. West, supra, this court was construing a written contract whose terms are substantially the same as those stated in the special pleas in this case, to which demurrers were overruled. We quote from that case as follows: "Beck's compensation was to be half the profits made on sales effected through his agency, but he was to pay his own expenses, and, with the exception of samples, he was to provide his own outfit. West & Co. were to furnish samples; and, to enable Beck to meet expenses until profits should be realized, they bound themselves to honor and cash his orders to be drawn on them for $50 for every two weeks he should have continuously worked for them in said business. These were not payments to Beck, but loans or advances to be made to him, to be repaid out of his share of the profits on the sale of merchandise he was expected to make. It is manifest that both parties contracted in the honest belief and expectation that Beck's shares of the profits on the sales he would make, would at least equal $50 for every two weeks; and they made no provision for the contingency that they might not reach that sum. Yet West & Co. gave no guaranty as to the amount of the profits Beck should realize. This was left dependent on his success as a salesman. We hold that West & Co. bound themselves to give Beck employment as a traveling salesman until January 1, 1888, to furnish him samples, and to lend to or advance for him $50 for every two weeks he was actually engaged in such service. The contract confers no discretion in the performance of these stipulations. And the contract equally bound Beck to serve them as traveling salesman with energy and fidelity; to allow them to retain of his share of the profits until they reimbursed themselves for the loans or advances made to him; *and, if such share of the profits fell short of reimbursing them, then Beck would owe them the balance.*" (Italics supplied.) This case has stood since 1888, and has been frequently cited, though not on this point, which does not seem to have again arisen.

It is quite clear that the rulings of the court are based upon the line of cases referred to asserting a proposition different from that in our case of Beck v. West, supra. But we are not willing now to depart from that ruling, nor even to assert that it is not well sustained in reason.

We do not think it necessary to point out wherein different rulings of the court should be revised to meet this view, as they will readily occur to the court on another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.