BIGGERS v. WARD.

No. 29399.   Oct. 1, 1940.

*106 P. 2d 791.*

Robert E. Owens, of Duncan, for plaintiff in error.

Sullivan & Marmaduke, of Duncan, for defendant in error.

BAYLESS, C. J. B. F. Biggers, as assignee of an open account, sued W. O. Ward in the district court of Stephens county, and appeals from a verdict of the jury adverse to him.

In November, 1935, Ward became an agent of Republic Life Insurance Company for the sale of insurance. The agreement by which he began work was oral, but probably contemplated a written contract later, when it could be prepared and executed. A written contract was later executed by the company and sent to Ward, but he deemed it unsatisfactory in some respects and declined to sign it. His services terminated in July, 1936, and he seems to have worked throughout without an executed written contract.

Our first consideration will be directed at the alleged error respecting the verdict of the jury.

Beginning with Ward's first services, the company sent him for many weeks checks for $15, marked "advances," and the principal controversy involves the issue whether the checks were advances to be repaid by Ward (as contended by plaintiff) or constituted weekly salary in addition to the commissions (as contended by Ward). On account of the evidence relating to the items of the account, we think there was also to be considered by the jury the issue of the correctness of the account.

Viewing the evidence as a whole, we are of the opinion that there are at least three points upon which the jury could have found for defendant.

1. There was no agreement by which the defendant agreed to return the money. The decisions cited by plaintiff (Snellenberg Clothing Co. v. Levitt, 282 Pa. 65, 127 Atl. 309, and other cases) are based on written contracts wherein the language used is reasonably susceptible of meaning that the advances shall be returned. The court in Pennsylvania said if the parties had intended that the advances should not be returned, they could easily have said so, and thus prevented the necessity of reading language into the written contract to offset other language therein. In this case all of the witnesses, with possibly one exception, testified nothing was said one way or the other about the ultimate return of the advances. There is evidence that might have justified the jury finding inferentially that it was to be returned, but we must assume their general verdict against plaintiff negatives such inferential finding.

2. There is positive testimony by defendant, "I told him I would go to work at $15 a week and the keep the commission." He also testified, as did the agency director, who first talked to him, that nothing was said about returning the $15 per week. From this the jury's verdict would be sustained by some evidence, and is binding on us. Plaintiff argues that Ward received and kept the proffered written contract and did not object to its terms, and by reason thereof he is bound by its terms, and that its terms are similar to all other agent contracts in that it obliges agents to settle their debts with the company, and ought to be conclusive. We do not agree. We have read it, and while it does set out the schedule of commissions in full, we do not construe it as forbidding other or additional compensation. Nothing is contained in it relating to cash advances. In any event, it was not executed; and, since the plaintiff alleged in his amended petition that

an oral contract governed, the written contract was nothing more than evidence of a collateral nature rather than being the best or only evidence of the agreement between the parties.

3. The itemized account attached showed a balance of $361.83. At the time of the trial other credits were allowed, thereby reducing the amount sued for, and there was some contradictory evidence given respecting items of credits. The plaintiff was recalled as a witness, and made a rather unwilling witness when asked about items and totals, and he said: "The checks speak for themselves"; and "No, sir (we have not totaled our books)." "We are interested in the amount he owes and that amounts to $341.91." The parentheses are ours. We are convinced there was enough doubt cast on the correctness of the account to justify the jury denying plaintiff a recovery on this issue alone.

We pass to the matter of instructions. The plaintiff requested an instruction calling to the attention of the jury the difference between advances, which were to be repaid, and salary, and the effect thereof in respect to the evidence and their verdict. The court refused to give the instruction requested, and this is assigned as error. Upon examination of the record, we find that an instruction was given wherein these matters were adequately covered, and that is all that is required.

The judgment is affirmed.

CORN, GIBSON, HURST, and DANNER, JJ., concur.