JOHN S. DAVIDSON *vs.* JOSEPH I. STEWART & trustee.

Suffolk.   November 11, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mechanic's Lien.   Payment.*

Where, while labor is being performed and materials furnished under an entire contract in writing with one who owns certain land for the painting of the buildings thereon, such land being subject to a mortgage, and during the progress of the work the land is divided into four lots, three of which are released from the mortgage and conveyed to a third party and the mortgage is foreclosed upon the fourth, the contractor upon the completion of his contract may maintain under R. L. c. 197 a petition to enforce a lien for such labor and materials upon the three portions of the original lot upon which the mortgage was not foreclosed.

An entire contract for the furnishing of labor and materials for the painting of the buildings upon certain land was contained in a proposition in writing by the contractor to do the labor for $775, the owner furnishing the material, " or pay me for the material, Sixty, Ninety and One Hundred Twenty days notes. . . . The total amount of contract for stock and labor will be $1,125 as above." The landowner accepted the proposition as follows: " I accept your estimate, terms and figures, on condition you accept a time note for the three Hundred referred to." The contractor performed the labor and furnished the materials in accordance with the contract.   The landowner paid him cash to a certain amount and gave him two notes of $100 each which were duly paid and a third note for $100 which was not paid and, after failure of the landowner to meet it, was returned to him by the contractor.  *Held*, that the provision of the contract in relation to payment in part by notes did not deprive the contractor of his right to a lien on the real estate to secure the payment of the balance due to him under the contract.

Evidence that, for the purpose of paying a debt, a debtor gave to his creditor three notes for $100 each, payable at future dates, which the creditor entered upon his books, " 3 notes $100 — $300," that two of the notes were paid but that the third remained unpaid and was taken up by the creditor who thereupon changed the entry on his book to read, " 2 notes $100— $200," and surrendered the unpaid note to the debtor, will warrant a finding that the third note was not accepted as absolute payment and that the debtor need not be credited therewith.

PETITION to establish a mechanic's lien for labor performed and materials furnished under an entire contract in writing between the petitioner and the respondent Joseph I. Stewart. The petition was filed in the Superior Court for the county of Suffolk on May 17, 1907.

The contract was contained in a proposition in writing by the petitioner to Stewart and an acceptance in writing by Stewart.

In the proposition the petitioner offered "to do the labor in painting, varnishing, etc., on your new brick apartments, property of fourteen apartments and one store, corner of Geneva Avenue and Charles Street," for $775, "you furnishing the material, or pay me for the material, Sixty, Ninety and One Hundred Twenty days notes. . . . The balance for labor to be advanced per week, as the work progresses. The first Three Hundred Dollars paid me, to be credited to other work that I have now done; the balance as the work progresses and at the rate of 60% of the cost of labor weekly, the balance within thirty days after completion. The total amount of contract for stock and labor will be Eleven Hundred Twenty-five Dollars ($1,125.00) as above. If this is satisfactory, please accept and return." The acceptance of Stewart was as follows: "I accept your estimate, terms and figures, on condition you accept a time note for the three Hundred referred to. Joseph I. Stewart."

The case was referred to an auditor, who filed a report in which he found that the petitioner was entitled to a lien for the contract price less cash payments of $266.70, and the proceeds of two notes of $100 each. His findings with regard to the note, referred to in the last paragraph of the opinion, were as follows: "A question was raised at the hearing as to whether a further credit of $100 should have been given on account of another note. It appeared that Stewart during the progress of the work gave the petitioner three notes of $100 each, which notes the petitioner entered on his books as '3 notes $100 — $300.' Two were paid as above stated. The third remained unpaid, was taken up by the petitioner who then changed the entry on his books to '2 notes $100 — $200,' and surrendered the unpaid note to Stewart early in 1907. I rule that the third note was not accepted in absolute payment and need not be credited. If but two notes are to be credited the balance due the petitioner under his contract is $656.30; if on the other hand all three notes should be credited, the balance due will be $556.30."

The case was heard by *Aiken*, C. J., without a jury. It appeared that the four lots into which the land was divided, as stated in the opinion, were numbered 16, 17, 18, 19, that the mortgage therein referred to was foreclosed upon lot 16 and released as to the other three, which were conveyed to the respond-

ent Blanchard, trustee, while the petitioner still was performing his contract.

At the close of the evidence the respondent Blanchard requested the following rulings:

1. Upon all the evidence in the case as a matter of law the petitioner cannot maintain his lien.

3. The petitioner cannot maintain his lien upon a part of the original tract included in his contract after a portion thereof has been freed from the lien by the foreclosure of the prior mortgage.

4. Under the petitioner's written contract he was to be paid for materials furnished by promissory notes of Joseph I. Stewart, and he cannot claim a lien for materials.

The rulings were refused, the lien was established for the amount found by the auditor, and the respondent Blanchard alleged exceptions.

Other facts are stated in the opinion.

*W. R. Bigelow*, for the trustee.

*J. E. Crowley*, for the petitioner.

KNOWLTON, C. J.　This is a petition to enforce a mechanic's lien for labor and materials upon a lot of land and five houses thereon, in the erection of which houses the labor and materials were furnished.　When the contract was made there was a duly recorded mortgage on the land.　Afterwards, while the work was going on, the lot was divided into four smaller lots.　At a later date three of the lots were released from the mortgage, and still later the mortgage on the other lot was foreclosed by a sale, the proceeds of which were no more than enough to satisfy the mortgage.　The respondents contend that the lien cannot be enforced against the three remaining lots, because of the releases and the foreclosure.

By virtue of the contract and the work done under it a lien was acquired upon the whole lot, which was divided subsequently.　But this land was subject to the rights of the mortgagee.　The petition is to enforce the lien upon the whole large lot, which includes the four smaller lots.　Except as against the title held under the mortgage, the lien is established.　The release of three of the lots from the mortgage leaves the lien with full effect upon them, while the foreclosure of the mortgage on

the other lot leaves nothing remaining in that upon which the lien can continue in force. The judge rightly refused the rulings requested and established the lien. It can be enforced and given effect only upon so much of the original lot as has not been taken out from under the lien by the foreclosure of the mortgage.

The provisions of the contract in relation to payment in part by notes did not deprive the petitioner of his right to a lien. Payment has not been made, except of the amount credited. The judge decided rightly that the note afterwards returned was not accepted as an absolute payment.

*Exceptions overruled.*