MAYNARD TRUST COMPANY *vs.* WILLIAM H. FURBUSH.

Middlesex. October 19, 1922. — November 29, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes*, Indorser, Notice of dishonor, Waiver of notice. *Waiver.*

At the trial of an action upon a promissory note of a corporation by the payee, a trust company, against one who signed as an indorser before delivery, it appeared that the defendant was the treasurer of the maker, that he was not active in its management, that he signed the name of the maker to the note, that he also was a director of the payee, that the note was the last of a succession of two

months' notes, the first of which had been given a year before, each of the succeeding notes being given in renewal of the one next preceding; that *no notice of non-payment* of the note by the maker had been given to the defendant; that on at least two occasions after the maturity and non-payment of the note and at the request of the maker, the defendant had made and indorsed in like manner other notes for the purpose of tendering the same to the plaintiff in renewal of the note in suit. "*Whether or not said notes were so presented did not appear.*" *Held*, that

(1) An inference of a formal demand for the payment of obligations of the maker could not arise from the mere fact that the defendant was treasurer of the maker and "not active in its management;"

(2) The defendant was not "the person to whom the instrument" was "presented for payment," described in G. L. c. 107, § 138, cl. 2, and therefore the plaintiff was not excused from giving the notice of dishonor required by § 112 of the statute;

(3) The dealings between the parties did not constitute an implied waiver of the requirement of notice of dishonor;

(4) A finding for the defendant was warranted.

CONTRACT by the payee against a corporation, Hellenic Tobacco Company, the maker, and William H. Furbush, Bertha B. Shattuck and Edward J. Costello, indorsers before delivery of a promissory note for $975, dated November 7, 1915, and payable in two months after its date "at Any Bank or Trust Company in Boston or Maynard." Writ dated February 21, 1917.

All the defendants except Furbush were defaulted.

In the Superior Court, the action was heard by *N. P. Brown*, J., without a jury. Material evidence is described in the opinion. There was a finding for the defendant, and, at the request of the plaintiff, the judge reported the action to this court for determination, judgment to be entered for the defendant if upon the evidence and law the finding was right; otherwise, judgment to be entered for the plaintiff in the sum of $975 with interest from January 7, 1916.

The case was submitted on briefs.

*H. A. Wilson*, for the plaintiff.

*E. H. Johnson & J. R. Flanagan*, for the defendant Furbush.

PIERCE, J. This is an action by the holder and payee of a promissory note dated November 7, 1915, payable two months after date to the order of the plaintiff, against the maker and three persons who had placed their signatures thereon in blank before delivery. St. 1898, c. 533, § 64, now G. L. c. 107, § 87. The maker and the indorsers other than the defendant were defaulted.

Although not active in its management, the defendant was the treasurer of the maker of the note, a Massachusetts corporation, at the time of the making of the note and for some time after its maturity. As such treasurer he signed the name of the corporation as the maker of the note. He was also at the time of the making of the note and until January, 1918, a director of the Maynard Trust Company, the plaintiff. The note in suit was the last of a chain of notes, of which the first is dated November 11, 1914, for two months for $1,000. This was renewed every two months, in some instances within a day or two before and in others after the date of maturity, until a note dated September 9, 1915, was given for $975 for two months, and when due was renewed by giving the note in suit which is dated November 7, 1915, and was discounted by the bank on November 10, 1915.

The note in suit was payable "at Any Bank or Trust Company in Boston or Maynard." It was presented at maturity according to its terms, and was unpaid; but no notice of non-payment was sent to the defendant Furbush. The defendant, on at least two occasions after the maturity and non-payment of the note in suit, and at the request of the maker of the note, made and indorsed in like manner other notes with the note in suit and for the purpose of tendering the same to the plaintiff in renewal of the note in suit. "Whether or not said notes were so presented did not appear" at the hearing in this action.

On the foregoing facts, which are reported as being all the facts material to the decision, the plaintiff contends that the defendant as indorser was not entitled to a notice of the dishonor of the note as required by St. 1898, c. 533, § 89, now G. L. c. 107, § 112, because the case of the defendant comes within the exception of the statute, that notice of dishonor is not required to be given to an indorser, "Where the indorser is the person to whom the instrument is presented for payment." St. 1898, c. 533, § 115, cl. 2, now G. L. c. 107, § 138, cl. 2. Upon the facts reported this position of the plaintiff is not tenable; there is no direct evidence that the note was presented to the defendant for payment in his individual or representative capacity; and an inference of a "formal demand for the payment of obligations of the company" cannot arise from the mere fact that the defendant was treasurer of the corporation and "not active in its management."

The plaintiff further contends that the dealings between the parties to the note constituted an implied waiver of the requirements of notice of dishonor. St. 1898, c. 533, § 109, now G. L. c. 107, § 132. We cannot agree with the plaintiff that the giving of the renewal notes, as maturing notes became payable from time to time from November 11, 1914, until November 7, 1915, with the further fact that the defendant was the treasurer of one corporation and a director in the other, are circumstances which required a finding that the plaintiff believed and had the right to believe that the defendant waived notice of the dishonor of the note in suit, and there is no evidence that the defendant promised to pay the plaintiff the note after he was discharged, by the failure to give him notice of its dishonor. We think the finding of the court for the defendant was right.

It follows, in accordance with the terms of the report, that judgment is to be entered for the defendant; and it is

*So ordered.*