PERMA-HOME CORP. *vs.* THEODORE NIGRO.

Norfolk.   March 6, 1963. — July 5, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Contract,* Of employment, Advance against commission. *Practice, Civil,* Appellate Division: copies of draft report; Requests, rulings and instructions; New trial. *District Court,* Rules of court.

An inference that a copy of a draft report in an action in a District Court was received by adverse counsel after the draft report was filed in the office of the clerk of court as required by Rule 28 of the Rules of the District Courts (1952) was warranted where it appeared that the party requesting the report at 6. P.M. deposited the draft report addressed to the clerk in a mailbox from which regular pickups were scheduled twenty-four hours a day, and a few minutes later deposited simultaneously the copies addressed to the judge and to adverse counsel in another mailbox from which no pickups were scheduled after 5:15 P.M., and that on the following day the draft report was received and filed in the District Court at 9 A.M. and the judge's copy was received after 1 P.M.   [351–352]

In the absence of an express or implied agreement by one employed on a commission basis to repay any excess of advances drawn by him over the commissions earned, the employer cannot recover from the employee the amount of the excess.   [353]

There was no error in the denial of a request for a ruling which was covered by requests for rulings granted.   [353]

In an action in a District Court, there was no error in the denial of a request for a finding for the defendant upon all the evidence as a matter of law where the grounds on which the request was based were not specified as required by Rule 27 of the Rules of the District Courts (1952).   [353–354]

Where the trial judge in an action heard without jury gave a ruling of law requested by the plaintiff inconsistent with a correct ruling of law given at the defendant's request and found for the plaintiff, and the record did not disclose which of the inconsistent rules of law the judge relied upon, the finding for the plaintiff was vacated and a new trial ordered.   [354]

CONTRACT. Writ in the District Court of Northern Norfolk dated February 1, 1961.

The action was heard by *Casey, J.*

*Richard A. Hubbard* for the defendant.

*Arnold L. Slavet* for the plaintiff.

KIRK, J. These are appeals from orders dismissing two separate reports to the Appellate Division.

The reports disclose that there was evidence tending to show the following. The plaintiff is engaged in the business of selling and installing material for covering the outside walls of houses. On May 1, 1960, the defendant was employed by the plaintiff as a canvasser or leadman whose duty was to interest home owners in the plaintiff's products. The terms of employment were orally agreed upon at a meeting between the defendant and the plaintiff's treasurer. The names of interested home owners were to be submitted by the defendant to the plaintiff who would then send another employee, known as a closer, to complete the transaction with the home owner. The defendant was to receive a commission of ten per cent of the contract price on sales thus effected. The defendant agreed to work on a draw against commission basis but he did not expressly agree to repay any of the advances against commissions. Following a trial period of two weeks the defendant became a permanent employee. During the period between May 1, 1960, and January 12, 1961, the defendant drew approximately $100 a week. The plaintiff did not consider the amounts advanced to the defendant as a salary but considered the amounts as draws against commissions. All the other leadmen of the plaintiff worked on a draw against commission basis, and the amounts advanced to them were credited against the commissions which they had earned. Each week the defendant was shown a written account indicating the extent to which his drawings had exceeded his earned commissions. The defendant never questioned the accuracy of the accounts and never denied that he owed the indicated balances. When the defendant left the plaintiff's employ, the amounts advanced exceeded the commissions

earned by $1,310 which the defendant said he would make up later. He never did.

In an action of contract for money had and received, commenced in the District Court of Northern Norfolk, at Dedham, the judge found for the plaintiff. He found that the transaction was one whereby the defendant had a drawing account against commissions and that the weekly advances by the plaintiff were in the nature of loans which were to be repaid by the defendant at the termination of his employment to the extent that the advances then exceeded his earned commissions.

The defendant, being aggrieved by the denial of certain of his requests for rulings and to the granting of certain requests of the plaintiff, requested a report. Thereafter the plaintiff, contending that the defendant had failed to comply with the provisions of Rule 28 of the Rules of the District Courts (1952), moved that the defendant's draft report be dismissed. The judge denied the motion and ruled that, if the draft report was filed with the clerk of court before the plaintiff's attorney received a copy, the motion to dismiss must be denied. The plaintiff filed a claim for a report.

The Appellate Division dismissed both reports. Both parties have appealed.

1. We deal first with the procedural question raised by the plaintiff. Rule 28,[1] as construed, requires that the copy of the report intended for the adverse party may not be received by him prior to the filing of the report in the office of the clerk of the court. *Famigletti* v. *Neviackas,* 324 Mass. 70, 72. Even if the *Famigletti* case were to be followed, see *Bowmar Instrument Corp.* v. *Director of the Div. of Employment Security, ante,* 53, the filing party may use the mails and take the chance that the copy intended for the opposing party will not reach him until after the report has reached and been filed in the clerk's office

---

[1] The pertinent paragraph of Rule 28 reads: "A copy of such draft report shall be delivered or mailed postpaid by the party requesting the report to the trial Justice and to the adverse party before the close of the next business day after such filing."

and yet reach him before the close of the next business day. The facts now to be stated warranted an inference that there was compliance even with the rule as heretofore construed. *Checkoway* v. *Cashman Bros. Co.* 305 Mass. 470, 472. On December 7, 1961, at 6 p.m., the defendant deposited the report addressed to the clerk in a Boston mailbox from which regular pickups were scheduled twenty-four hours a day. A few minutes later he deposited simultaneously the copies addressed to the judge and opposing counsel in another mailbox in Boston from which no pickups were scheduled after 5:15 p.m. The report addressed to the clerk of court was received and filed at Dedham on December 8, 1961, at 9 a.m. The copy addressed to the judge was received after 1 p.m. on December 8, 1961, and bore the postmark stamp, "1:00 p.m. December 8, 1961." While there was no direct evidence as to when the plaintiff's counsel received his copy, it was clearly inferable from the foregoing that he received his copy after the report was filed in the office of the clerk of court. Accordingly, the judge's denial of the plaintiff's motion to dismiss the report was right.

2. The defendant's appeal, which we next consider, relates to the disposition which the judge made of requests for rulings. The judge granted three of the defendant's five requests for rulings. We quote two of the granted requests because of their bearing upon the disposition of requests later to be discussed. The two requests read: "2. If the Court finds that there was no express or implied agreement for the defendant to repay the advances on future commissions from any other source than the specific fund named, (The future commissions) then the Court must find for the defendant as a matter of law." "3. That in the absence of any express or implied agreement to repay from any other source than the future commissions, the employer cannot recover any excess which may result from the advances minus commissions earned." We think that these two requests, which the judge granted, correctly state the law which is applicable to the principal issue here pre-

sented. Although we have found no case in this Commonwealth which presents the same substantive situation as the one before us, we adopt the rule which appears to prevail elsewhere, that in the absence of an express or implied agreement to repay any excess of advances over the commissions earned, the employer may not recover from the employee the amount of the excess. See, for example, *Selig* v. *Bergman,* 43 Wash. 2d 205; *Shaler Umbrella Co.* v. *Blow,* 199 Wis. 489. See also cases collected in annotations 57 A. L. R. 33 and 165 A. L. R. 1367, cf. Restatement 2d: Agency, § 382, comment (d). The rationale of the stated proposition is that the employee's undertaking is in the nature of a joint enterprise with the employer, the main object of which is the furtherance of the employer's business, and it is not to be assumed that the employee in furnishing his time and ability to the enterprise takes all the risk. *Shaler Umbrella Co.* v. *Blow, supra,* at 491. In *Theriault* v. *E. L. King & Co. Inc.* 282 Mass. 109, 112, which was not cited by counsel or referred to by the judge or by the Appellate Division, there is language indicating a rule which is contradictory to the requests of the defendant granted by the judge. A reading of the case shows that the language was not necessary to the decision reached by the court and we do not consider it binding upon us.

There was no error in the denial of the defendant's fifth request.[2] Its reference to a "special agreement" fairly could be construed as requiring an express agreement and as excluding an implied agreement. Thus construed it goes beyond the scope of the rule which we have adopted. To the extent that the request had any validity it was covered in the granted requests. See *Industron Corp.* v. *Waltham Door & Window Co. Inc., ante,* 18, 21–22. Likewise, the denial of the defendant's request that the judge must find for the defendant upon all the evidence as a matter of law was right, among other reasons, for want of

---

[2] The request was: "5. That the plaintiff has the burden of proof by a fair preponderance of the evidence that a special agreement was entered by the parties at the time of the employment that any overdrawn commissions be paid from a source other than the commissions earned."

specifications under Rule 27 of the Rules of the District Courts (1952). *Dellamano* v. *Francis,* 308 Mass. 502.

The granting by the judge of the plaintiff's first request,[3] however, seems to us to be incompatible with the rulings contained in the second and third requests of the defendant which we have approved. This request appears to us to embody the language of the dictum in *Theriault* v. *E. L. King & Co. Inc.,* noted above, which we reject. It does not sufficiently appear whether the judge's finding of fact that the "advancements were in the nature of [a] loan to be repaid the plaintiff . . . [in] the amount in excess of commissions earned" was a determination on his part that there had been an agreement, express or implied, between the parties to this end, or showed only that the judge made the finding on the basis of the plaintiff's first request. Because the record does not adequately show which of the two inconsistent rules of law the judge relied upon, a new trial is necessary.

The order dismissing the report, claimed by the plaintiff, respecting the denial of its motion to dismiss the defendant's draft report is affirmed. The order dismissing the report on the merits, claimed by the defendant, is reversed, the finding for the plaintiff is vacated, and the case is to stand for trial in the District Court.

*So ordered.*

---

[3] The request was: "If the Court finds that the plaintiff paid to the defendant a draw against commission earned and not a salary then the defendant owes the plaintiff the sum of money stated in the Plaintiff's Declaration."