MICHAEL PESANELLI *vs.* RICHARD LOMBARDI.

Suffolk.    February 4, March 12, 1965. — June 4, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Contract,* Of employment, Advance against earnings.    *Words,* "Definite."

Where it appeared in an action that under an agreement between the parties the defendant was to prepare the musical parts of the plaintiff's television programs and was to be paid a certain percentage of the profits from each job, and that over the period of the contract the plaintiff advanced to the defendant sums in excess of the defendant's earnings, a finding by the judge that there was no "definite" promise by the defendant to repay such excess imported that there was neither an express nor an implied promise by him to do so, and the plaintiff could not recover the excess.

CONTRACT.    Writ in the Superior Court dated March 8, 1961.

There was a finding for the defendant by *Taveira,* J., who reported the action.

*Morris Michelson* for the plaintiff.

*Richard J. Trifiro* for the defendant.

REARDON, J.    This action of contract for money loaned comes before us on report of a judge of the Superior Court and further findings made by the judge upon our request. The plaintiff, a producer of taped television programs for advertising and advertising agencies, entered into an agreement with the defendant whereby the latter was to prepare the musical part of the plaintiff's programs.    The agreement was set forth in an unsigned memorandum which the judge found reflects accurately the relationship between the parties during the contract period, June 21, 1957, to August 14, 1959.

The dispute arises from advances received by the defendant which exceeded the amount earned by him by $7,271.50.    According to the memorandum of agreement, which makes no mention of advances, the defendant's com-

pensation was to be on a "per job" basis, forty per cent of the profits from each job to be paid to the defendant. The memorandum also provided that the defendant was to be "an associate and not an employee or partner."

The plaintiff testified that the defendant first received advances in order to purchase a new heating system for his house and that "at the end" (presumably of the contract which contained provisions for termination) the defendant was to repay any "deficiency in the 40% payments." Records of amounts advanced and moneys owed to the defendant were kept by the plaintiff's bookkeeper and from time to time the defendant checked with the bookkeeper as to these amounts.

The defendant testified that in the summer of 1957 he asked for a weekly salary. The judge found that the defendant was not paid a stated weekly sum throughout the contractual relationship but that he did receive for the greater part of the period weekly sums of not less than $100. The defendant testified that he had never agreed to repay any advances received and that during the period he performed various services not connected with creative writing of songs and verse. The judge made written findings "that the monies advanced by the plaintiff to the defendant were advanced against the latter's share of future earnings; that the evidence did not show that there was a definite promise by the defendant to repay the plaintiff from sources other than from said earnings."

The rule which has been adopted in this jurisdiction is that "in the absence of an express or implied agreement to repay any excess of advances over the commissions earned, the employer may not recover from the employee the amount of the excess." *Perma-Home Corp.* v. *Nigro,* 346 Mass. 349, 353. Cf. Restatement 2d: Agency, § 382, comment d. In the *Perma-Home* case the oral contract of employment provided that the defendant would be employed on a drawing account against commissions.

The absence of such a provision in the present case is of no import since it is clear that the memorandum does not

embody all aspects of the arrangement and that almost from the beginning advances were made with a high degree of regularity. We are unable to distinguish between the situation in the *Perma-Home* case and that now before us. The judge's ruling that a promise by the defendant to repay any excess must be "definite" was not erroneous; the word "definite" applies to implied as well as to express agreements. The plaintiff has not sustained the burden of proving a promise, express or implied, by the defendant.

*Judgment for the defendant.*