JOHN F. KENNEDY &
WILLIAM J. KENNEDY
d/b/a KENNEDY BROTHERS

*v.*

JOSEPH NOTTO

Argued: Jun. 30, 1971 - Decided: Sept. 30, 1971

*Present:* Murphy, P.J., Lee, Covett, JJ.

Case tried to *White, J.,* in the Third District Court of Plymouth No. 20351 of 1967.

**Lee, J.** This is an action of contract to recover $824.73 on an aluminum account, $250.28 for beams, and $184.87 for personal advances, total $1259.88, plus interest thereon from November 29, 1966, the date of demand.

The answer alleges a general denial and a special defense that the parties had agreed in January, 1966 that defendant was to receive 20% commission on sales of beams manufactured by the plaintiffs and of which defendant

was to be sole distributor and that whereas $2,000 of such sales had been made, that the defendant was entitled to $400 as a credit by way of recoupment.

The court found for the plaintiffs in the sum of $1104.28 and for the defendant in recoupment in the amount of $400.

*A summary of the pertinent evidence* reveals that the defendant acknowledged owing the plaintiff an amount totalling $1259.88 and signed a written statement to that effect. The breakdown of this amount indicates that $250.28 was owed on account of beams; $184.87 on a personal account; and $824.73 on the installation of aluminum account. There is no dispute over the first two items and so we direct our attention to the third account of $824.73.

*The evidence reported shows that* the defendant was employed by the plaintiff to install aluminum products. The parties orally agreed that the defendant would be paid on a piece work basis at the rate of $16.00 per square of installation. It was further orally agreed between the parties that the defendant would be allowed to draw a weekly sum against future wages to be earned by him. The defendant was subsequently discharged by the plaintiffs when it was discovered that the defendant was manufacturing and selling on his own account, products similar to the plaintiffs. Before his discharge the defendant had paid the plaintiff the sum of $155.61 in partial satisfaction of the

amount received by him of wages actually earned. This left a balance of $669.12 on this account which the plaintiff seeks also to recover from the defendant.

The question before the court is whether the defendant has any legal obligation to repay that amount.

The general rule in Massachusetts and elsewhere is that in the absence of an express or implied agreement to repay any excess of advances over commissions earned, the employer may not recover from the amount of the excess. This rule applies in the instant case of draws of weekly sums against future wages. *Perma Home Corp.* v. *Nigro,* 346 Mass. 349, 353. S.C. 35 Mass. App. Dec. 131. *Selig* v. *Bergman,* 43 Wash. 2d 205. *Shaler Umbrella Co.* v. *Blow,* 199 Wisc. 489.

The rationale of the stated proposition is that the employee's undertaking is in the nature of a joint enterprise with the employer, the main object of which is the furtherance of the employer's business and it is not to be assumed that the employee in furnishing his time and ability to the enterprise takes all the risk. *Shaler Umbrella Co.* v. *Blow,* 199 Wisc. 489.

In this instance the arrangement of the parties was a joint venture where the employee furnished his labor and the employer the capital necessary to promote the business. Both expected their efforts to produce funds out of which each would take their full share. The

advances were not loans to the empolyee but as speculation in a common enterprise. The employee should not be bound to repay the advanced capital out of his own means without an express or implied promise to that end. The burden is upon the plaintiff to show that such an express or implied agreement to repay existed. *Pesanelli* v. *Lombardi,* 349 Mass. 250, 252.

There is no such evidence in this case.

The plaintiff argues that the defendant's written statement to repay this excess satisfies this requirement. We find that such a statement did not come into effect until some time after the initial agreement and is unenforceable because there is no consideration for this promise.

It was error to deny the defendant's requested rulings of law. The finding of the trial justice for the plaintiff in the sum of $704.28 as to this item is to be reversed. The plaintiff's total finding is in the sum of $435.15. This amount is offset by the defendant's finding in recoupment in the sum of $400.00. Therefore the plaintiff's total recovery is in the sum of $35.15. This case is remanded to the trial court for findings consitent with this opinion. *So ordered.*

EDWARD A. ROSTER
    of Taunton for the plaintiff.

SEYMOUR BLUHM
    of Plymouth for the defendant.