*Municipal Court of the*
*City of Boston*

## LIBERTY MUTUAL
## INSURANCE COMPANY
### v.
### GOVIE O. MC KINNEY

Argued: June 9, 1972 - Decided: June 13, 1972

*Present:* Adlow, C.J., Gillen, Morrissey, J.J. Case tried to *Lewiton, J.*

**Adlow, C. J.** Action of contract to recover an insurance premium.

There was evidence by the credit manager of the Liberty Mutual Insurance Company that there was due from the defendant a policy premium of $310.50, of which $121.66 had been paid on account. The defendant offered in evidence a notice to admit facts to which notice the plaintiff had filed no answer. Pertinent to the issue raised by this report is Notice to Admit Facts number 9 which stated that

> "9. By ledger entry dated 29 April 1970, Liberty Mutual Insurance Company credited Defendant's account No. 437617 with a cash payment of $312.83 of which $121.66 had been deducted from the Defendant's salary".

The credit manager of the plaintiff testified over the defendant's objection, that the "cash payment" of $312.83 referred to in the Motion to Admit Facts #9 was only a conditional credit; that it was merely a bookkeeping transfer conditioned upon future payroll deductions. He further stated that these future deductions had not been made because of termination of

employment and that only $121.66 had in fact been deducted from salary and thus properly credited to the account.

At the close of the evidence the defendant requested the court to rule as a matter of law that "the defendant owes the plaintiff nothing on its claim for $310.50, payment in full having been made". The court refused to so rule and found as a fact that "the amount actually paid was $121.66 and the additional credit of $191..17 was a conditional credit dependent on future payroll deductions which were not in fact made by reason of termination of employee's employment by plaintiff; and that there remains due a balance of $188.84, plaintiff having waived claim for interest in the amount of $2.33." The court found for the plaintiff, and being aggrieved the defendant brings this report.

There was no error. Facts admitted pursuant to G.L. c. 231, §69, as amended, are binding upon the party so admitting them and cannot be controverted by him unless he is relieved therefrom by the court for cause shown. *Krinsky* v. *Pilgrim Trust Co.*, 337 Mass. 401.

The defendant objects to the admission into evidence by the court of the testimony of the credit manager to the effect that the cash payment referred to in the account in question was merely a credit conditional upon future payroll deductions. While the defendant did not save his rights to have this evidentiary question reviewed, G.L. c. 231, §108, §3, even if

properly before us, the court was warranted in admitting the evidence and in giving it credence.

From the facts which the defendant called upon the plaintiff to admit it must be apparent that the credit was not a clear cut indication of payment in full. Nor did it indicate a cash payment, or an entry made in the usual course of business. All that we have before us is that $121.66 had been deducted from the defendant's salary. The entry suggests an equivocal situation warranting the admission of evidence in explanation.

In permitting the credit manager to testify, the court did not permit the plaintiff to dispute the fact that such an entry was in the plaintiff's books. It merely permitted the party to explain it. Had the books of account been brought into court, which the motion to admit facts made unnecessary, the plaintiff would have been free to explain the entries as was permitted by the court. The court properly admitted the testimony of the credit manager.

In employee-employer relationships it is not uncommon for advances to be made. Money may be advanced as a gift or a loan, but if the advance is to be used in promoting the business of the person advancing the money it cannot be regarded as a gift or a loan. In such situations it is usual to advance the money against commissions to be earned, and there is no liability on the agent to account for money

so advanced. *Reliable Upholst. Co.* v. *Feinstein,* Mun. Court of Boston, 30 App. Div. 257 (1930). *Perma Home Corp.* v. *Nigro,* 346 Mass. 349, 353. *Pesanelli* v. *Lombard,* 349 Mass. 250.

In the cause under review, there is nothing to indicate that the credit given to the defendant was in the promotion of the business interests of the plaintiff. While the parties stood in an employer-employee relationship, it had no bearing whatever on their dealing as assurer and assured. The credit given the defendant was not an advance against earnings, but was based on prospective deductions from his salary. The method employed by the manager in his books was designed to serve the interests of the plaintiff as a creditor. Unlike the case of advances against commissions earned where there was no personal liability on the agent, the credit in the cause under review merely anticipated deductions to be made. Such conditional credit conferred no vested interest in the assured. No actual payment had been made except for the amount credited. Whatever presumption the credit might create disappeared under the evidence. *Davidson* v. *Stewart,* 200 Mass. 393, 396. *Geligan* v. *N.E. Truck Co.,* 265 Mass. 51.

Had the defendant remained in the employ of the plaintiff, each succeeding deduction would have been credited to the defendant's account until the claim was liquidated. But having terminated his employment after the

first payment, he must answer for the balance personally. Restatement: Law of Agency (1st Ed.) c. 13, §382c.*

There was ample evidence to warrant the findings of the trial judge.

**Report dismissed.**

No brief filed for Plaintiff

EDWARD J. DAILEY of Boston
  for the Defendant

---

* "After termination. Upon termination of the relationship the agent is under a duty to account for all he has received on behalf of the principal and to return to the principal anything which is then due him. If an agent has received advances from his principal in anticipation of salary or commissions to which he does not subsequently become entitled, he is under a duty to repay such to the principal. Whether or not money given by a principal is given as an advance and is to be repaid by the agent in the event that his commission or other compensation does not amount to the sum advanced, is dependent upon the interpretation of the contract between them."