*Southern District*

No. 43

## PAPERADES, INC.

v.

## JOHN CRAWFORD AND JAMES CRAWFORD

Argued: Sept. 7, 1972 - Decided: March 16, 1973

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried in *Welsh, J.* in the First District Court of Barnstable. No. 31620.

**Covett, J.** This is an action of contract to recover the sum of $6,250.70 on three promissory notes made by Crawford Brothers Paper Co., Inc. by "John Crawford, President" and "James Crawford, Treasurer" and endorsed "John Crawford" and "James Crawford". The answer is a general denial.

The court found for the plaintiff in the sum of $6,250.70 with interest from the date of the writ, November 1, 1971.

At the trial there was evidence tending to show that:

On February 1, 1971, Crawford Brothers Paper Co., Inc. executed and delivered three promissory notes to the order of the plaintiff.

These notes were signed on behalf of Crawford Brothers Paper Co., Inc. by John Crawford and James Crawford as corporate officers, who then signed as personal endorsers in their individual capacities.

It was agreed by the parties that the signature on the notes were valid and that the notes were given for sufficient consideration.

As to the note due August 21, 1971, a notarized protest of one Richards was in evidence. As to the remaining notes, there was no evidence of presentment but a certified copy of the adjudication of bankruptcy of Crawford Brothers Paper Co., Inc. was introduced into evidence.

For the plaintiff, A. Frank DeCiantis, President of Paperades, Inc., testified that "Crawford Brothers" had not paid the notes in full and that he had sent demands for payment to Crawford Brothers Paper Co., but had never sent any demands to John Crawford individually, either to his home address or to his attention at Crawford Brothers Paper Co., Inc. He also testified that the notes had originally been submitted by him to "Crawford Brothers" by mail and had always been returned signed by each of the defendants, both as principals of Crawford Brothers and also as endorsers.

He could not say whether John Crawford had ever responded to any mail sent to the corporation and further testified that his deal-

ings were mainly with James Crawford and the accountant. In addition to this testimony, Mr. DeCiantis testified that he had not talked to John Crawford for about two years and had no communication with him other than through the notes which he stated had been sent to him from "Crawford Brothers" with John Crawford's signature on them.

John Crawford testified that he was President of Crawford Brothers Paper Co., Inc. but that he had no knowledge of whether the notes in question had been paid by the corporation. He explained the reason for this to be that financial matters of the corporation were handled by his brother, James Crawford, and the corporation's accountant and that they had not informed him of the corporation's financial condition in general or the balance of the note in particular. In addition, he stated that it was not his position to pay the bills and notes of the corporation but rather that his brother handled these matters.

He further testified that he never received notice that the notes were not paid when due and only learned that they were unpaid around the middle of October. He also testified that he did not learn of the petition in bankruptcy until October or November when he went to the bankruptcy lawyer's office.

On cross-examination John Crawford testified that at times he had received mail addressed to him at Crawford Brothers Paper

Co., Inc. but that he had not received any notice that the notes in question had not been paid.

At the close of the evidence and before final arguments the plaintiff filed seven requests for rulings. The defendant filed the following requests for rulings:

1. Unless excused under G.L. c. 106, Section 3-511, as a matter of law, notice of dishonor of a promissory note is necessary to charge any endorser of the promissory note. G.L. c. 106, Section 3-501(2)(a).

2. As a matter of law, where the necessary notice of dishonor to an endorser is never given or is delayed beyond the time when it is due, the endorser is discharged from all liability on the note. G.L. c. 106, Section 3-502 (1)(a).

3. On all the evidence as a matter of law, there are no excuses which would excuse the plaintiff's failure to give notice to the defendant, John Crawford, individually.

4. As a matter of law, the giving of notice of dishonor to "Crawford Paper Co." is not sufficient notice of dishonor to John Crawford to render him personally liable on the promissory notes in issue.

5. As a matter of law, where John Crawford had no actual notice of dishonor within a reasonable time after dishonor, John Crawford is discharged from any liability on the promissory notes in issue.

6. As a matter of law, a demand for payment of a promissory note made on a corporation is not the equivalent of notice of dishonor to a shareholder-officer who has endorsed the note in an individual capacity and notice of dishonor in such a situation is necessary to charge the said shareholder-officer who has endorsed said note even if the corporation is insolvent.

7. A shareholder-officer of a corporation is not personally liable for the debts of his corporation where he is acting as an agent for the corporation when ordering goods for the corporation.

8. On all evidence, as a matter of law, John Crawford is not personally liable on either the promissory notes in issue or the debts incurred by the corporation for goods and materials.

The court made the following rulings on the defendant's requests:

1. Denied. Plaintiff excused. See findings fact.

2. Denied. Notice not necessary. See findings.

3. Denied. There are excuses. See findings fact.

4. Denied. Inapplicable. See facts found.

5. Denied. I find notice not required. See findings of fact and rulings of court.

6. Denied. See facts found and rulings.

7. Denied. See facts found.

The court made no rulings on the plaintiff's

requests, treating these as waived in view of his finding.

The court found the following facts and ruled as follows: "On February 1, 1971, Crawford Brothers Paper Co., Inc. executed and delivered three promissory notes to the order of the plaintiff. It was agreed and I so find that the notes were signed by 'John Crawford' and 'James Crawford' as President and Treasurer respectively. The two brothers, John and James, are the present defendants who are being sued as endorsers. The defendants signed as individual endorsers in their individual capacities on the reverse side of the notes.

"Crawford Bros." defaulted on the note due August 21, 1971. August 31, 1971, an involuntary bankruptcy petition was filed against the "Crawford Bros." corporation. The bankruptcy was not contested by anyone.

As to the first note due August 21, 1971, I find this note was properly presented to the "Crawford Brothers, Inc." as shown by the notarized protest of one Richards, which was in evidence agreeable to G.L. 106, § 3-510. I find the other two notes defaulted upon the filing of the Bankruptcy petition and therefore rule as a result thereof no presentment was necessary or required. G.L. c. 10b, § 3-511 (3)(a); G.L. c. 106, § 1-201(22).

The defendants as President and Treasurer of their corporation were active in the business they conducted with the plaintiff buying

and selling paper products. By virtue of their active participation in the affairs of the corporation, it appears, and I so find that the defendants knew that the notes could not be and were not paid from corporate funds. Under these circumstances, although I am unable to find notice of dishonor was given to the defendants in their individual capacities as endorsers it is obvious they knew the notes could not be and were not paid from the corporate funds. The obligation to serve the "Crawfords" with notice of dishonor is deemed not necessary, at least impliedly, within the meaning of the U.C.C.

Any failure to give formal notice of dishonor did not injure nor prejudice the rights of either defendant in any way. Formal notice of dishonor would be a useless gesture of advising the defendants of a fact with which they were most familiar. By implication the endorsers have waived notice of dishonor as provided in the Code, § 3-511(2)(a).

I find and rule as follows:

The defendants as endorsers of the notes are the same individuals who signed as obligors, and who are the same individuals authorized to pay the notes for the principal obligors, and where the notes have been defaulted and requirements for presentment have been met, and where the endorsers as in this case have no reason to expect that the notes will be accepted or paid, separate notice to the endorsers is not required.

The defendant, James Crawford, has not claimed a report herein.

This report does not show what action was taken relative to the defendant's request for ruling numbered 8, therefore, we deem it was denied. *Hall* v. *Daggett,* 47 Mass. App. Dec. 28, 31. There was no error in its denial since it lacked the specifications required by Rule 27, of the Rules of the District Courts (1965). *Perma-Home Corp.* v. *Nigro,* 346 Mass. 349, 353, 354.

Under G.L. c. 106, § 3-501(2)(a), notice of dishonor is necessary to charge an endorser unless excused by § 3-511. Failure to give such notice discharges the endorser. G.L. c. 106, § 3-502, (1)(a). The trial judge found no notice of dishonor was given to the defendant John Crawford in his individual capacity as endorser. The sole question here is whether the notice was excused.

G.L. c. 106, § 3-511 (2) provides that, "Presentment or notice or protest as the case may be is entirely excused when (a) the party to be charged has waived it expressly or by implication either before or after it is due; or (b) such party . . . has no reason to expect or right to require that the instrument be accepted or paid . . ."

It has been held that where a president and principal officer of a corporation who executed promissory notes in the name of the corporation and endorsed them as an in-

dividual, well knowing, in view of his active participation in corporate affairs in drawing checks in payment of the obligation, that the notes could not and would not be paid from corporate funds, impliedly waived notice of dishonor. However, in the absence of any evidence that an individual endorser of corporate notes had actively participated in the affairs of the corporation, failure to give him notice of presentment and dishonor was not excused. *Makel Textiles, Inc.* v. *Dolly Originals, Inc.,* 4 U.C.C. Reporting Service 95 (N.Y. Supreme Ct. 1967). *Maynard Trust Co.* v. *Furbush,* 243 Mass. 190.

The trial judge has based his decision on the theory of waiver by implication and that notice was excused because the defendant had no reason to expect that the instruments would be paid. G.L. c. 106, § 3-511 (2) (a) and (b). In this case, a finding of active participation in the affairs of the corporation was crucial. *Maynard Trust Co.* v. *Furbush,* 243 Mass. 190.

The trial judge did find that both defendants actively participated in the affairs of the corporation. His findings supported and required a general finding for the plaintiff. *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446, 448.

The defendant argues that the evidence was insufficient to warrant the judge's conclusions and requests this Division review the findings

of fact. This point is not open to the defendant as he did not raise it by a general request for ruling that the plaintiff was not entitled to recover or by a request for ruling relating to the sufficiency of the evidence. *Spencer* v. *Burakiewicz,* 288 Mass. 83, 85. *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446, 448. *Elliott* v. *Warwick Stores, Inc.,* 329 Mass. 406, 409. *Burnham* v. *MacWhinnie,* 350 Mass. 17, 18.

In the case of *Maynard Trust Co.* v. *Furbush,* 243 Mass. 190, cited by the defendant, the trial judge found as a fact that the defendant was not active in the management of the corporation. The question as to the sufficiency of the evidence was not in issue.

In denying the defendant's requests for rulings numbered 1-7, the judge's clear and definite findings demonstrated that they were inapplicable or immaterial. See: *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446, 448 and cases cited.

There being no prejudicial error, **the report is ordered dismissed.**

RICHARD L. LEVINE
   for Plaintiffs
STEPHEN C. JONES
   for Defendant