Lenhoff, J.
These proceedings involve a complaint wherein the plaintiff seeks to recover an alleged excess of advances made to the defendant who was its insurance sales agent. Said advances having been made with insurance policy sales commissions applied to offset same, the plaintiff claiming that the commissions were insufficient to fully offset the advances and an excess of funds being due and outstanding.
Responding thereto, the defendant denies any indebtedness to the plaintiff; and, he alleges that his employment was terminated wrongfully and without cause to thereby enable the plaintiff to avoid paying him earned renewal commissions, asserting the above both in defense of offset and counterclaim.
The plaintiff filed a Motion for Summary Judgment with supporting affidavit. Said motion set forth that the defendant received advances of $7,574.03 against commissions, and the plaintiff has not been repaid under the Contract hetween the parties. (Underscoring supplied for emphasis.) The affidavit in support of said motion stated that the defendant was employed as an insurance sales agent in accordance with his contract of employment (Underscoring supplied for emphasis.) from September 25,1984 through May 31, 1986, at which time the plaintiff terminated his employment; that the defendant received $7,574.03 advances against commissions; that said commissions and renewal commissions earned had only partially offset the paid advances; and, that the defendant still owes the plaintiff the sum of $7,152.70.
The interrogatories filed by the parties reveal that during the term of the defendant’s employment, the defendant suffered a heart attack; that the plaintiff agreed to continue paying him advances; that the plaintiff agreed to use renewal commissions to be generated to offset any sums due the plaintiff and that renewal commissions had been so generated by the defendant’s selling activities; that the plaintiff was retaining same and not applying them to his account; and the plaintiff did not pay said renewal commissions to any other agent handling the defendant’s insurance sales accounts.
After hearing the Motion for Summary Judgment, the Trial Court on January 6, 1988 allowed the motion and caused judgment to be entered for the plaintiff in the sum of $7,574.03.
Thereafter, the defendant seasonably filed a Motion for Relief of Judgment and a Motion to Alter or Amend Judgment, these motions being denied by the *115 Trial Court on January 20,1988.
The defendant, claiming to be aggrieved by the allowance of the plaintiffs Motion for Summary Judgment and the denial of his post judgment motions has caused this matter to be reported to this Appellate Division for determination.
At the hearing before this Division, the parties were apprised of the failure to have incorporated in the Report before us, the contract of the parties mentioned in the Summary Judgment Motion and supporting affidavit. Though a remand to the Trial Court for an amended report would have been in order, this Body adopted a sparingly utilized power and allowed an agreed-upon copy of the contract to be presented and made a part of the record. See G.L. c. 231, § 110. Thus, the Trial Court’s Record was effectively amended.
To properly review the allowance of a Rule 56 motion for summary judgment, it must be determined that the moving party has satisfied its burden to affirmatively demonstrate that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Dist./Mun. Cts. R. Civ. P., Rule 56(c). See LaBarge v. Chief Administrative Justice of the Trial Court, 402 Mass. 462, 463 (1988). See Attorney General v. Baily, 386 Mass. 367, 370-371 wherein the Supreme Judicial Court indicates the following are to be considered: —
“— the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any —”
Further, in said decision, at page 371, the Court stated: —
“Also, all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment.”
After fully reviewing the here-presented Report and carefully examining the contract of the parties made a part thereof, we conclude that factual issues for resolution are present.
In spite of the contract’s verbiage, good faith and fair dealing are implied covenants thereof. Fortune v. National Cash Register Co., 373 Mass. 96, 101-102 (1977).
In the case at bar, there are questions for resolution. These are (1) did the plaintiff benefit from its termination of the defendant’s services?; (2) was the plaintiffs action effectuated by or with a proper or improper motive?; and (3) should or should not the plaintiff be chargeable with dealing fairly with the defendant? See Gram v. Liberty Mutual Ins. Co., 384 Mass. 659, 672 (1981).
Consequently, the defendant is entitled to a factual determination that a question of a genuine issue of material fact exists.
Additionally, we note that this jurisdiction has adopted a rule that has applied in cases similar to the case before us. Such rule appears in the case of Pesanelli v. Lombardi, 349 Mass. 250, 251 (1965) wherein a quote from Perma-Home Corp. v. Nigro, 346 Mass. 349, 353 (1963) sets forth the following: —
“in the absence of an express or implied agreement to repay any excess of advances over the commissions earned, the employer may not recover from the employee the amount of the excess.”
Concerning repayment of any excess of advances over earned commissions, the here-involved contract of employment could be construed as being silent on this issue. By its express terms, it fails to address this aspect with any degree of certainty or definiteness. Under “General Provisions,” paragraph 2, we find mention of refund by the defendant; but same is limited and restricted in those cases involving the refunding by the plaintiff of premiums on insu- *116 ranee previously procured by the defendant. In paragraph VI captioned “Right of Set Off," it is indicated that income due or which may become due to the defendant may be held by the plaintiff as security and may be set off against any indebtedness of the defendant to the plaintiff. However, it is unclear whether the defendant’s responsibility to repay to liquidate indebtedness is from funds other than from income due or to become due by reason of his activities for and in behalf of the plaintiff. Further, the contract has an Addendum thereto which specifically contains the financing agreement of the parties. Same is completely silent as to the repayment of an excess of advances over commissions, bonuses, or service fees.
Hence, in such circumstancces, the duty imposed on the plaintiff to make explicit its rights under the agreement gives rise to the general presumption that the principal source of reimbursement for made advances was intended to be the anticipated commissions or profit from insurance sales without personal liability on the defendant. See general discussion and collected cases in “Personal Liability of Servant or Agent for Advances and Withdrawals in Excess of Commissions Earned,Bonus or Share of Profits” by Michael J. Greene, LL. B., 32 ALR 3d 802.
Notwithstanding the above that is directed to the lack of an express undertaking or agreement, the cited rule would have no application if an implied agreement is found. Therefore, the circumstances or the conduct of acts of the parties may be shown to reveal a separate or subsequent promise that they intended that the defendant was liable to repay the excess. These may include a failure to object to statements of a deficiency; the periodic rendering of accounts; and, various other facts to disclose their true relationship and intent. The foregoing has application here in view of the March, 1986 conversation of the parties relating to advances and renewals to “take care of any deficit.” What that conversation can be found to entail and involve, if anything, would be for a trier of fact to determine.
Though this legal contention was not advanced either orally[1] or in any brief, the Report with inferences that can be drawn on what is therein mentioned, empowers this tribunal to render decision according to the justice of the case. G.L. c. 231, §110. Here, justice requires hearing to determine if the law enunciated in Perma-Home Corpo. v. Nigro, supra, is applicable.
Having concluded that summary judgment was entered in error, it is unnecessary to discuss the filed post judgment motions of the defendant that were denied.
In the light of all hereinbefore state'd,it follows that the entered judgment be and is hereby vacated; and, the case stand for trial.

SO ORDERED.

The defendant's counsel did state that a possible interpretation of the March 1986 conversation of the parties could indicate no responsibility to repay or reimburse the plaintiff.