[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, an importer of artificial flowers for sale to the wholesale trade, hired the defendant, Ronald G. McCarthy, as a salesman in June, 1979. While the issue of whether defendant and plaintiff ever executed a written employment contract is in dispute, the court finds on the basis of the more credible evidence that no such contract was ever signed. Indeed, plaintiff was unable to produce such an agreement. The parties are in agreement that Mr. McCarthy was to be compensated by commission on sales and was to receive $3,350.00 monthly as a draw against his commissions.
In 1982, plaintiff became concerned about the size of defendant's negative balance. After consulting with the president of the corporation, Gary Maltz, the treasurer sent Mr. McCarthy a promissory note for his signature. The note was left open-ended as to the dollar amount but reflected, Maltz testified, the commission statement for that month. Mr. McCarthy refused to sign the note because, he testified, it changed the terms of his employment. A new document was then drafted by plaintiff and sent to Mr. McCarthy who returned it with changes. Mr. Maltz told McCarthy the changes were unacceptable. Finally, in August, 1982, plaintiff sent a letter to McCarthy enclosing a letter for his signature which stated, inter alia:
 This is to confirm my understanding and agreement with you that the excess of my drawings. . . and any other advances by Hub to me over commissions earned by me is a debt due from me to Hub and will be repaid. . . .
At the end of 1983, Mr. McCarthy met with Sidney Sherter, president of plaintiff, to discuss the amount of his draw for 1984. Sherter told him that his draw would be reduced. When McCarthy asked Sherter to postpone that decision for six months, Mr. Sherter agreed. When Mr. Sherter refused to reconsider, Mr. McCarthy submitted his resignation effective August 1, 1984.
Plaintiff claims that defendant now owes it $35,108.06, the amount by which McCarthy's draw exceeded the commissions earned. The majority rule, applied by the Commonwealth of Massachusetts and Connecticut, is that, in the absence of agreement to the contrary, the agent is not personally liable to repay advances. The Massachusetts Supreme Judicial Court explained:
 "The rationale. . . is that the employee's undertaking is in the nature of a joint enterprise with the employer, the main object of which is the furtherance of the employer's business, and it is CT Page 9725 not to be assumed that the employee in furnishing his time and ability to the enterprise takes all the risk."
Perma-Home Corp. v. Nigro, 346 Mass. 349, 191 N.E.2d 745, 747 (1963) (citing Shaler Umbrella Co. v. Blow, 199 Wis. 489, 491 (1929)). See also, Sutton v. Avery, 132 (Conn. 397 (1945) and Valoco Building Products, Inc. v. Chafee, 4 Conn. Cir. 322, 231 A.2d 101 (1966).
On the basis of the evidence produced at trial, the court finds that there was no agreement, express or implied, that Mr. McCarthy would repay the advances out of a source other than future commissions. The issue was not raised with Mr. McCarthy until April, 1982. The cover letter which transmitted the August 4 letter which the defendant did sign refers to that letter as a "new agreement." The only inference one can draw from such a characterization is that the contract of employment contained no express agreement to repay the advances. While Gary Maltz does not remember telling McCarthy to sign the letter "or else," he did acknowledge that the letter was drafted by plaintiff's attorney. Mr. McCarthy testified that Mr. Maltz told him to sign it "or else", but did not state specifically what "or else" was. While it is true that Mr. McCarthy never denied that he owed plaintiff the amount by which his draw exceeded commissions during his employment, that does not take the place of a definite agreement, see Amherst Sportswear Co. Inc. v. McManus, 876 F.2d 1045 (1st Cir. 1989). The August letter does not suffer from the indefiniteness problems of Pesanelli v. Lombardi, 349 Mass. 250, 207 N.E.2d 683, 684 (1965) and Sutton v. Avery, 132 Conn. at 399, it was not supported by consideration. Without consideration to support it, a promise to pay is not generally enforceable. D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 213
(1987).
On the first count of the complaint, the court finds the issues for the defendant. In light of that, the court need not address the second and third counts. On defendant's counterclaim, the court finds the issue for the plaintiff.
SUSCO, J.